IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**EDWARD L. CONFER**                                                                               **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 2:04cv95-KS-JMR**

**UNUM LIFE INSURANCE**
**COMPANY OF AMERICA**                                                                          **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This matter is before the court for disposition as a review of an administrative decision of an ERISA claim pursuant to a Joint Pretrial Order entered by the parties on July 25, 2005; reciprocal briefing by the parties completed in November 2005; and a Joint Stipulation of the Administrative Record filed on October 19, 2005.  After a careful review of the administrative record, the briefs of counsel and the legal authorities cited, the court finds as follows;


## FACTUAL BACKGROUND

The plaintiff, Edward Confer, is a former employee of Murphy Oil Company (Murphy).  As a part of his employment benefits, Murphy provided long term disability benefits funded by the purchase of an insurance policy issued by UNUM.  UNUM was also the administrator of the long term disability plan which the parties have stipulated is an ERISA plan governed by that 1974 Act and subsequent amendments.

Confer suffered a compression fracture of his thoracic spine in an on-the-job fall

on November 29, 1995. On May 6, 1996, Confer filed a claim for total disability with UNUM as a result of the spinal injury. UNUM approved the claim on June 8, 1996, and began paying benefits under the plan. After payments under the plan began, Confer was required to and did furnish supplemental statements, medical records and attending physician statements confirming that his disability due to the work-related back injury continued.

In 2000, Confer filed a claim for damages against his employer, Murphy, and its worker's compensation carrier under the U.S. Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq*, (LHW) as a result of the November 29, 1995, work-related injury. Confer settled this claim pursuant to approval by an Administrative Law Judge on April 19, 2001, for $260,000 as past, present and future compensation, and past, present and future medical expenses.

Confer also filed a claim for total disability with the United States Social Security Administration (SSA) in 2000. On March 2, 2001, the SSA awarded total disability benefits (SSDI) to Confer finding that "[t]he medical evidence establishes that the claimant has the following severe impairments: back pain, degenerative disc disease of the cervical spine, cervical radiculopathy C7-C8, depression/p [sic] multiple thoracic spine injuries, decreased vision of the right eye."

## **THE UNUM POLICY/PLAN**

The UNUM policy generally provides a monthly benefit equal to 60% of the employees' pre-disability earnings. In calculating the monthly benefit, the policy provides that "other income benefits" should be deducted. The policy defines "other

income benefits", in pertinent part, as follows:

>OTHER INCOME BENEFITS
>
>Other income benefits means those benefits as follows:
>
>1.    The amount for which the insured is eligible under:
>    a.    Workers' or Workmen's Compensation Law;
>    b.    occupational disease law; or
>    c.    any other act or law of like intent . . .
>
>                                      * * *
>
>5.    The amount of disability or retirement benefits under the United Social Security Act, The Canada Pension Plan, or The Quebec Pension Plan, or similar plan or act, as follows:
>
>    a    disability benefits for which;
>          i.    the insured is eligible; and
>          ii.    his spouse, child or children are eligible because of his disability; or
>
>    b.    retirement benefits received by:
>          i.    the insured; and
>          ii.    his spouse, child or children because of his receipt of the retirement benefits . . .
>
>These other income benefits, except retirement benefits, must be payable as a result of the **same disability** for which this policy pays a benefit.

(Emphasis added by the court). There is no dispute that Confer is receiving "other income benefits" as defined in the plan. The question for the court is whether UNUM can properly offset against these benefits.

## **CONTENTIONS OF THE PARTIES**

The "same disability" language highlighted above is what has created the controversy herein. Effectively, the plaintiff is arguing that his Longshore and Harbor Workers' disability finding and the Social Security disability finding rely on conditions

3

causing disability that were not a part of his original 1995 claim of disability under the UNUM plan. He contends that while there may be "similar" or "shared disabilities" related to the 1995 UNUM disability claim and the LHW and SSDI disability claims, they are not the "same disability", i.e., identical.

The defendant contends that Confer suffers from one total disability, that related to his back injury of 1995. In support of this argument, UNUM meticulously recites the medical evidence supporting each of the three disability claims which allegedly show that each claim relied on entirely, or to a significant extent, the 1995 back injury to support the ultimate disability finding.

The parties hotly dispute under what standard of review the court is to examine UNUM's decision to offset against Confer's LHW and SSDI benefits. The parties agree that the plan does not grant discretionary authority to make these decisions, thus the plaintiff argues that the court's review is *de novo*. The defendant maintains that UNUM's decision was a factual determination and regardless of the lack of a grant of discretionary authority, the court's review of factual decisions of a plan administrator are always for abuse of discretion.

## **STANDARD OF REVIEW**

A district court's review of a plan administrator's benefit determination is governed by the Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and the Fifth Circuit's subsequent decision in *Pierre v. Connecticut General Life Ins. Co.*, 932 F.2d 1552 (5th

Cir.1991)*(cert. denied*, 502 U.S. 973, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991)).  *See Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 226 (5th Cir. 2004).

In *Firestone*, the Supreme Court held that judicial review of the administrator's determination of plan terms and eligibility for benefits provisions was to be *de novo* unless the plan expressly conferred upon the plan administrator discretionary authority in making such determinations.  If discretion were granted, the "abuse of discretion" standard would apply instead.  *See id.*  However, in *Pierre*, the Fifth Circuit held that "even where the plan does not expressly give the administrator discretionary authority, 'for factual determinations under ERISA plans, the abuse of discretion standard of review is the appropriate standard.' 932 F.2d at 1562; *see also Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 100-01 (5th Cir.1993); *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 597-98 (5th Cir.1994)." *Id.*

Therefore, in this circuit, a plan administrator's factual determinations are always reviewed for abuse of discretion while its construction of the meaning of plan terms or plan benefit entitlement provisions is reviewed *de novo* unless the administrator is expressly granted discretionary authority in that respect.  If there is such a grant of discretionary authority, then review of those decisions as well is for abuse of discretion.

## **ANALYSIS**

The court is convinced that the ultimate resolution of this matter may well revolve around the factual determination regarding whether Confer's award of LHW and SSDI benefits is the "same disability" for which he was awarded benefits under the UNUM

5

plan. However, as a preliminary matter, the court is required to determine if UNUM has correctly construed the plan terms, *vis-a-vis*, the offset of plan benefits by amounts awarded under LHW and SSDI. Since there is no grant of discretionary authority for UNUM to construe these terms, the court is required to review them *de novo*.

The construction of the policy provisions at issue here are governed by federal law and a body of federal common law drawn from analogous state experience not inconsistent with congressional policy concerns. *See Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1451 (5th Cir. 1995); and *Wegner v. Standard Ins. Co.*, 129 F.3d 814 (5th Cir. 1997).

> In construing ERISA plan provisions, we interpret the contract language "in an ordinary and popular sense as would a person of average intelligence and experience," such that the language is given its generally accepted meaning if there is one. *Todd*, 47 F.3d at 1451, note 1 (internal quotation omitted); *Jones*, 90 F.3d at 116 (internal quotation omitted). Only if the plan terms remain ambiguous after applying ordinary principles of the contract interpretation are we compelled to apply the rule of *contra proferentum* and to construe the term strictly in favor of the insured. *Id.*

*Wegner*, 129 F.3d at 818.

In determining the efficacy of UNUM's decision to offset, the court must first look to the definition of disability under the policy. The policy provides

> "Disability" and "disabled" mean that because of injury or sickness:
>
> 1. the insured cannot perform each of the material duties of his regular occupation; and
>
> 2. after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for

which he is reasonably fitted by training, education or experience.

As the defendant points out, the definition of disability is not condition specific. Any single condition or group of conditions could lead to a determination of disability. That is not the issue. The plaintiff became **totally** disabled as a result of his work-related injury of November 29, 1995. There is no evidence that he has ever recovered from that **total** disability. Indeed, if there were such evidence, UNUM would not be required to pay any benefits. If this case dealt with a situation of partial or temporary total disability and then the plaintiff suffered another or different disability, there might be some merit to plaintiff's arguments that the **conditions** causing disability should be considered. However, both the LHW and SSDI awards were for **total** disability and both are causally connected, at least in part, to the original 1995 injury.

The court finds that UNUM has appropriately interpreted the terms of the plan as they apply to the facts of this case in concluding that the plaintiff suffers from a total disability or totally disabling condition resulting from his injury of November 29, 1995. However, to the extent that UNUM has made factual determinations that this total disability is the same disability for which he was awarded LHW and SSDI benefits, the court must review such for an abuse of discretion.

The Fifth Circuit has held that "[i]n applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously." *Sweatman v. Commercial Union Ins., Co.*, 39 F.3d 594, 600, 601 (5th Cir.1994)(quoting *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1014 (5th Cir.1992)). The court has held that "[w]hen reviewing for arbitrary and capricious actions resulting in an abuse of

discretion, we affirm an administrator's decision if it is supported by substantial evidence.  A decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'" *Meditrust Financial Services Corp. v. Sterling Chemicals, Inc.*,168 F.3d 211 (5th Cir. 1999)(quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 828-29 (5th Cir.1996).

After carefully reviewing all of the evidence presented in the administrative record, the court cannot conclude that UNUM acted arbitrarily and capriciously in making the factual determination that the plaintiff was awarded LWH and SSDI benefits for the same disability that UNUM was paying benefits.  Certainly, there is substantial evidence to support the administrator's decision.  Therefore, there was no abuse of discretion in determining that UNUM was entitled to an offset against the benefits awarded to Confer under the LHW Act and under SSDI.

## **UNUM'S COUNTERCLAIM**

UNUM has filed a counterclaim for alleged overpayments to Confer but has now admitted that it cannot seek recoupment of any alleged overpayments other than by offset pursuant to *Nesom v. Brown and Root, U.S.A., Inc.,* 987 F.2d 1188 (5th Cir. 1993).  *See also Cooperative Ben. Adm'rs, Inc. v. Ogden*, 367 F.3d 323 (5th Cir. 2004)(ERISA plan fiduciaries do not have a federal common law right to sue a beneficiary for legal relief on a theory of unjust enrichment or restitution).  UNUM's counterclaim should therefore be dismissed except to the extent UNUM is entitled to

offset against future payments. Further, the parties have agreed that upon the court's ruling on the offset issue, they will be able to agree on the mathematical application of the offset to the overpayment and enter into an approved judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that UNUM is entitled to offset disability payments due Confer based on Confer's receipt of other income benefits in the form of the lump sum settlement of his Longshore and Harbor Workers' Act claim and from the award of Social Security Disability Benefits, pursuant to the terms of the policy/plan.

IT IS FURTHER ORDERED AND ADJUDGED that in accordance with Rule 58, Fed. R. Civ. P., the parties shall furnish a judgment approved as to form regarding the application of the offset to the overpayments to Confer by UNUM within ten days of this order. Upon entry of the final judgment, this matter shall be concluded and any other motions will be dismissed as moot.

SO ORDERED AND ADJUDGED this the 7th day of April, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE